UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIKSHIT GHIA,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al.*<br>Respondents. | Case No. 1:26-cv-09277 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 2 |

Petitioner Dikshit Ghia is an immigration detainee currently awaiting the outcome of his removal proceedings. In his petition for writ of habeas corpus and motion for a temporary restraining order, he alleges that the revocation of his conditional parole without notice or a pre-deprivation hearing violates his Fifth Amendment due process rights. *See* Dkt. No. 1 ¶¶ 121–170. For the reasons that follow, the petition is GRANTED as to Petitioner's procedural due process claim. The TRO is DENIED as moot.

## I. BACKGROUND

Petitioner alleges the following in his petition and TRO. He is a citizen of India and first entered the United States in January 2022 near San Luis, Arizona. *Id.* ¶ 31; Dkt. No. 6-1 at 2. He was arrested by U.S. Customs and Border Patrol shortly after entry, served with a Notice to Appear placing him in removal proceedings, and released on his own recognizance two days later. Dkt. No. 1 ¶¶ 32–33; Dkt. No. 2-4; Dkt. No. 2-5. As part of his release conditions, Petitioner was placed under Alternatives to Detention ("ATD") supervision, which includes electronic monitoring and reporting obligations. Dkt. No. 1 ¶ 34; Dkt. No. 2-5 at 5. Following his release, Petitioner applied for asylum, received work authorization from USCIS, consistently

appeared for his required ICE appointments, remained available to immigration authorities, and committed no known violation of his reporting or supervision requirements. Dkt. No. 1 ¶¶ 40–43. Records submitted by Respondents show that Petitioner was recently cited for a misdemeanor offense of reckless driving, which remains pending. Dkt. No. 6-1 at 3.

In early November, ICE contacted Petitioner and directed him to appear for an unscheduled in-person appointment. *Id.* ¶ 47. Concerned about the unscheduled appointment, Petitioner contacted ICE to inquire about the purpose of the appointment. *Id.* ¶¶ 50–51. The responding officer confirmed that the appointment was only to review Petitioner's case. *Id.* ¶ 52. When Petitioner appeared at his appointment, he was arrested. *Id.* ¶ 59.

## II. DISCUSSION

Shortly after the petition and TRO were filed, the Court set a briefing schedule and directed Respondents to address whether any provision of law or fact in this case would distinguish it from several cited prior cases where the Court found that noncitizens previously released on their own recognizance by immigration authorities are entitled to further process prior to the summary revocation of their parole. *See* Dkt. No. 5 (citing *Singh v. Warden of Cent. Valley Annex*, No. 1:26-CV-04243 (VC), 2026 WL 1907196 (E.D. Cal. July 2, 2026); *Gomez Arizendi v. Andrews*, No. 1:26-CV-04993 (VC), 2026 WL 2035433 (E.D. Cal. July 14, 2026); *Casimir v. Chestnut*, No. 1:26-CV-06320 (VC), 2026 WL 2516709 (E.D. Cal. Aug. 25, 2026)). Respondents filed a timely response to the Court's order to show cause, stating that Petitioner is detained under 8 U.S.C. § 1226(a) and is only entitled to the procedures required by that statute, namely a bond hearing. Dkt. No. 6 at 2–3. They did not otherwise address Petitioner's due process claim, but acknowledge that "this action seems substantively indistinguishable from the precedents cited by the Court's order." *Id.* at 3.

As Respondents have not distinguished this case from the Court's prior orders, Petitioner is entitled to relief on his due process claim pursuant to the reasoning in *Singh v. Warden of Cent. Valley Annex*, *Gomez Arizendi v. Andrews*, and *Casimir v. Chestnut*. Petitioner has a clear liberty interest in his continued freedom following his release from DHS custody in 2022. *See,*

*e.g.*, *Jaraba Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *5 (N.D. Cal. Apr. 29, 2026) ("Petitioner has a substantial private interest in remaining out of immigration custody because she has been released pending civil removal proceedings"); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), Petitioner has a substantial private interest in maintaining his out-of-custody status following his grant of conditional parole, the risk of erroneous deprivation without notice of the basis for the revocation of his release and an individualized hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

The fact that § 1226(a) authorizes detention during removal proceedings does not defeat Petitioner's due process claim as "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). And "the fact that a decision-making process involves discretion does not prevent an individual from having a protectable liberty interest." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019). As Petitioner was permitted to live at liberty on conditional parole for the last several years as his immigration case progressed, he was entitled to process prior to the deprivation of his freedom. As ICE failed to provide Petitioner with notice of the reason for revocation of his parole or a hearing, and has not argued that post-deprivation process is warranted here, the appropriate remedy is immediate release.

For the reasons above, the petition for writ of habeas corpus is GRANTED as to

Petitioner's procedural due process claim.[1] The Court ORDERS Respondents to immediately release Petitioner from their custody. The Government is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This order does not address the circumstances in which the Government may detain Petitioner in the event he becomes subject to an executable final order of removal, or if exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Petitioner's motion for a temporary restraining order is DENIED as having been rendered moot by this order granting him habeas relief. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

**IT IS SO ORDERED.**

Dated: November 25, 2026

VINCE CHHABRIA
United States District Judge

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.